IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAUREN MOSLEY,<br><br>  Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>  Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Lauren Mosley ("Plaintiff" or "Ms. Mosley"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Delta Air Lines, Inc. ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 5, 2023; the EEOC issued its Notice of Right to Sue on August 23, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## **FACTUAL ALLEGATIONS**

10.

On or about February 13, 2017, Ms. Mosley began working for Defendant. Her last position was Flight Attendant.

11.

On or about January 15, 2023, Defendant received a complaint about the appearance of Ms. Mosley's shoes.

12.

On or about January 18, 2023, Defendant informed Ms. Mosley that her shoes did not meet uniform standards.

13.

Ms. Mosley's shoes, however, were in accordance with Defendant's written uniform guidelines.

14.

On or about January 20, 2023, Defendant informed Ms. Mosley that she could request an accommodation to wear her insulated shoes due to her disability.

15.

On or about January 23, 2023, Ms. Mosley requested a reasonable accommodation to wear insulated shoes.

16.

On or about January 31, 2023, Ms. Mosley submitted completed medical accommodation request forms to Defendant, which stated that she has Raynards Disease, and would need an accommodation to wear socks and insulated shoes to keep her feet warm.

17.

On or about March 13, 2023, Defendant informed Ms. Mosely that her request for an accommodation was denied.

18.

On or about March 24, 2023, Ms. Mosley complained about the uniform and submitted additional medical documentation supporting her accommodation request to wear insulated shoes.

19.

On March 24, 2023, after her complaint, Defendant suspended Ms. Mosley.

20.

On or about April 11, 2023, Defendant terminated Ms. Mosley.

21.

Defendant stated that the reason for Ms. Mosley's termination was due to attendance.

22.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Ms. Mosley was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

23.

Ms. Mosley requested a reasonable accommodation of her disability.

24.

Specifically, Ms. Mosley requested to wear insulated shoes.

25.

Defendant failed to engage in the interactive process with Ms. Mosley, even though doing so would not have been an undue hardship.

26.

Defendant terminated Ms. Mosley because she had a record of a disability and because she engaged in protective activity.

27.

But for Ms. Mosley's disability status and/or request for a reasonable accommodation of the same, she would not have suffered the adverse employment action.

28.

Ms. Mosley was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

## **CLAIMS FOR RELIEF**

## **COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

29.

Plaintiff re-alleges paragraphs 10-28 as if set forth fully herein.

30.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to walking and pain in extremities.

31.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

32.

Defendant was aware of Plaintiff's disability.

33.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability within the meaning of the ADA, as amended.

34.

Plaintiff has a record of having a disability or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

35.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

36.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

37.

Defendant terminated Plaintiff's employment because of her accommodation requests.

38.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

39.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

40.

Defendant treated other employees outside Plaintiff's protected class differently.

41.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

42.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

43.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

44.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

45.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

46.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

47.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

48.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA**

49.

Plaintiff re-alleges paragraphs 10-28 as if set forth fully herein.

50.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to walking and pain in the extremities.

51.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

52.

Defendant was aware of Plaintiff's disability.

53.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

54.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

55.

Plaintiff requested that Defendant accommodate her disability by allowing her to wear insulated shoes.

56.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding her requests for a reasonable accommodation of her disability.

57.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

58.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

59.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

60.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

61.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and

physical well-being.

62.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

63.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

64.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

65.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III: RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

66.

Plaintiff re-alleges paragraphs 10-28 as if set forth fully herein.

67.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to walking and dealing with pain.

68.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

69.

Defendant was aware of Plaintiff's disability.

70.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

71.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

72.

Plaintiff's request for an accommodation of her disability and/or perceived

disability constitutes protected conduct under the ADA, as amended.

73.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

74.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

75.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

76.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

77.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

78.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

79.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

80.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

81.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted this 18th day of September 2023.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com